NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4094-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ERIC EPPS, a/k/a CHARLES WATKINS,
DWIGHT MITCHELL and COREY GRUBBS,

 Defendant-Appellant.

_______________________________

 Submitted October 17, 2016 – Decided June 8, 2017

 Before Judges Sabatino and Nugent.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No. 14-
 02-0397.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Stefan Van Jura, Deputy Public
 Defender II, of counsel and on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Jane
 Deaterly Plaisted, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM
 Defendant Eric Epps appeals from a March 23, 2015 judgment

of conviction for sexual assault, endangering the welfare of a

child, and lewdness; crimes for which a judge sentenced him to an

aggregate seventeen-year prison term. Defendant argues:

 POINT I

 THE FAILURE TO GIVE AN N.J.R.E. 404(b)
 LIMITING INSTRUCTION DENIED DEFENDANT A FAIR
 TRIAL BECAUSE THE JURY UNDOUBTEDLY CONCLUDED
 THAT DEFENDANT HAD A PROPENSITY TO MASTURBATE
 IN FRONT OF CHILDREN, WHICH IS PRECISELY WHAT
 THE RULE PROSCRIBES (Not Raised Below).

 A. Introduction.

 B. Defendant Was Harmed by the Failure
 of the Court to Limit the Jury's
 Consideration of Other-Crimes
 Evidence.

 C. The Invited Error Doctrine Should
 Not Bar Relief.

 D. Conclusion.

 POINT II

 A SEVENTEEN-YEAR [NO EARLY RELEASE ACT]
 SENTENCE FOR MASTURBATING IN PUBLIC IS
 UNCONSCIONABLE; IT MUST BE REDUCED.

 For the reasons that follow, we affirm.

 An Essex County Grand Jury returned an indictment charging

defendant with second-degree sexual assault (count one), N.J.S.A.

2C:14-2(b); three counts of third-degree endangering the welfare

of a child (counts two through four), N.J.S.A. 2C:24-4(a); and

 2 A-4094-14T1
fourth-degree lewdness (count five), N.J.S.A. 2C:14-4(b)(1). A

petit jury acquitted defendant of two endangering offenses (counts

three and four) and convicted him of the remaining crimes.

 Following defendant's convictions, the State moved to have

him sentenced as a persistent offender under N.J.S.A. 2C:44-3(a).

The trial court granted the motion and sentenced defendant to a

seventeen-year prison term subject to the No Early Release Act

(NERA), N.J.S.A. 2C:43-7.2(a), on count one, second-degree sexual

assault. The court imposed concurrent prison terms of five years

on count two, third-degree endangering the welfare of a child, and

eighteen months on count five, fourth-degree lewdness observed by

children under age thirteen. The court also ordered defendant to

comply with the reporting and registration requirements of Megan's

Law, sentenced defendant to parole supervision for life following

his release from prison, and imposed appropriate fines and

assessments. This appeal followed.

 The State presented the following proofs at defendant's

trial. On May 2, 2013, at approximately 3:00 p.m., a twelve-year-

old girl and her two younger brothers, ages eleven and eight, were

walking home from their school bus stop in East Orange when they

passed a parked green Jeep with its windows rolled down. Inside

the vehicle, they observed a man, who the girl and the older boy

identified in court as defendant, masturbating in the driver's

 3 A-4094-14T1
seat. Defendant was not wearing pants but had a towel around his

waist. The older boy was shocked, and the younger boy said "that's

nasty." Defendant grinned at the children.

 At the girl's insistence, the younger boy wrote the Jeep's

license plate number on a piece of homework paper. The children

walked to a nearby fire station and reported what happened.

Defendant drove away from the scene. Fire station personnel

contacted the police, who took the children to the police station.

There, the children provided the police with defendant's license

plate number, which East Orange Detective Phillip Rodriguez

determined was registered to defendant.

 Five days later, the girl returned to the police station

where she identified defendant from a photo array. Detective

Rodriguez prepared the photo array, which included defendant's

photo and five other photos of physically similar individuals.

According to Detective Sharif Greenwood, who displayed the photo

array, the girl identified defendant's photograph as the

individual she had seen masturbating in the Jeep. She said the

photograph "kind of looked like the suspect," though she believed

the suspect's skin was "a little darker."

 When the girl testified at trial, defense counsel decided to

cross-examine her not only about a statement she had given to

police, but also about the details of her previous encounters with

 4 A-4094-14T1
a man she thought was defendant. Defense counsel established the

girl told police the person she had described in the green Jeep

had been following her and her brothers during the year preceding

the May 2013 incident. Defense counsel further elicited the girl's

acknowledgement she had seen "this person" in 2013 on several

occasions before May 2, 2013, at the bus stop and at her

grandmother's house in Newark. Lastly, defense counsel had the

girl acknowledge telling police the man she described in the green

Jeep had also been around her house, driving a red Jeep. On some

of the previous occasions, the man was naked and, at times,

masturbating. The girl was uncomfortable with these prior

encounters, and her parents instructed her to record the Jeep's

license plate should she find it again.

 The State objected to defense counsel's cross-examination of

the specific details of defendant's uncharged conduct. In

response, defense counsel argued the girl's previous observations

of the man in the red Jeep were relevant because they led to the

girl's identification of defendant's photograph.

 After completing its case, the State requested a limiting

instruction under N.J.R.E. 404(b). Defense counsel objected to

the instruction, arguing "it would be unduly prejudicial" in light

of defendant's intended testimony and lengthy criminal history.

The trial court deferred its decision. During the charge

 5 A-4094-14T1
conference, defense counsel again objected to the court giving a

404(b) charge. The court never gave the charge.

 After discussing his prior criminal history on direct

examination, defendant testified about the May 2, 2013 incident

involving the girl and her brothers. According to defendant, at

7:00 a.m. on the day of the incident, he drove his fiancée to work

in West Orange in his green 1996 Ford Explorer. Later, he looked

for scrap metals to redeem at a scrapyard. At approximately 3:00

p.m., he began driving back to West Orange to pick up his fiancée.

However, he decided to first pick up food at a corner store in

East Orange. Defendant parked in the location where the children

said they saw him, entered the store, and left shortly after

purchasing a few items.

 Defendant noticed a few children outside the store, but denied

seeing the girl and her brothers. He drove away and picked up his

fiancée in West Orange. He denied sitting naked in the driver's

seat and masturbating. Defendant also testified he was

incarcerated between October 22, 2010 and December 2, 2012. The

State stipulated to the date of defendant's release on an unrelated

matter.

 In summation, defense counsel argued, among other things,

defendant was in jail during some of the previous occasions the

girl had supposedly seen him. Counsel suggested the children had

 6 A-4094-14T1
not only mistaken defendant for the man in the red Jeep, but also

mistook what he was doing when they saw him in the green Jeep.

 Following the jury's verdict and defendant's sentencing,

defendant filed this appeal.

 Defendant argues on appeal the trial court committed

reversible error by not giving the N.J.R.E. 404(b) limiting

instruction, and that his sentence is excessive. His arguments

are without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(2). We add only the following comments.

 We agree with the State that defendant's argument concerning

the 404(b) limiting instruction is precluded by the doctrine of

invited error. "Under the invited error doctrine, 'trial errors

that were induced, encouraged or acquiesced in or consented to by

defense counsel ordinarily are not a basis for reversal on

appeal.'" State v. Munafo, 222 N.J. 480, 487 (2015) (quoting

State v. A.R., 213 N.J. 542, 561 (2013)). As our Supreme Court

has explained, the invited error doctrine "gives voice to 'the

common-sense notion that a disappointed litigant cannot argue on

appeal that a prior ruling was erroneous when that party urged the

lower court to adopt the proposition now alleged to be error.'"

Ibid. (quoting A.R., supra, 213 N.J. at 561).

 This is precisely what happened here. Defendant pursued a

defense premised on the proposition the children mistook him for

 7 A-4094-14T1
a predator who pursued them in the past. Defendant objected to

the State's proposed 404(b) limiting instruction. Now,

disappointed in the trial's outcome, he argues the ruling he sought

was erroneous. Defendant invited the ruling. He is now precluded

from arguing the ruling was both erroneous and grounds for a new

trial. Accordingly, we affirm his convictions.

 Defendant also argues his sentence is excessive. He asserts

a seventeen-year sentence for masturbating in public is

unconscionable. Defendant did not simply masturbate in public;

he committed the crimes of sexually assaulting a child and

endangering the welfare of children. Moreover, defendant is a

persistent offender, a fact he does not dispute. According to the

trial court, defendant's "[thirteen] prior indictable convictions"

include convictions for endangering the welfare of a child, peering

into victims' windows, and violating conditions of a special

sentence. The trial court's findings of aggravating and mitigating

factors are supported by the record, and the sentence does not

"shock the judicial conscience" in light of the particular facts

of the case and defendant's extensive criminal history. State v.

Roth, 95 N.J. 334, 364-65 (1984). Accordingly, we affirm the

sentence.

 Affirmed.

 8 A-4094-14T1